UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HUBERT D. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-03654-JRS-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Hubert Williams, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his parole revocation related to his convictions under Indiana Case No. 49G06-1109-FB-64061. The respondent has moved to dismiss the petition without prejudice because it includes a mix of exhausted and unexhausted claims. For the reasons explained below, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

I.
BACKGROUND

**A.  Underlying Charges and State Procedural History**

The Indiana Court of Appeals provided the following description of the facts underlying Mr. Williams' conviction and parole revocation:

> As the result of a robbery conviction, Williams was ordered to serve twelve years at the Indiana Department of Correction ("DOC") in June of 2012. After having earned credit time toward release, Williams was released to parole on or about July 29, 2016. When Williams met with DOC release personnel in the days prior to his release, he refused to sign a conditional release agreement or any of the parole documents. Approximately six days after his release, on August 5, 2016, the Parole Board found probable cause to believe that Williams had violated the terms of his parole agreement and issued a warrant for his arrest. The Parole Board then revoked his parole on or about June 28, 2017 for violating three separate conditions of his parole agreement. Thereafter, on July 5, 2018, Williams filed a petition for habeas

> relief in LaPorte Circuit Court. Four days later, on July 9, 2018, the trial court denied the petition.

Dkt. 17-8, p. 2; *see also Williams v. Sevier*, 126 N.E.3d 51 (Ind. Ct. App. May 10, 2019) (unpublished).

Mr. Williams raised the following claims on appeal: (1) he was not bound by the conditions of his parole because he did not sign the parole agreement form; (2) he had served his full sentence at the time he was placed on parole by earning all of his good time credit and therefore owed no additional obligations to IDOC. Dkt. 17-15, pp. 5–6. He did not present any claims under the Fourth Amendment or Art. 1, § 10, of the United States Constitution to the Indiana Court of Appeals.

The Indiana Court of Appeals rejected these claims and affirmed Mr. Williams' parole revocation. Dkt. 17-8. As to his condition-free parole claim, the court held, "[I]t has long been established in Indiana that an offender who does not sign his or her parole paperwork is still bound by the conditions of parole. Moreover, a contract can be considered binding even if not all parties have signed the contract." *Id.* at 5. As to his credit time claim, the court held that Mr. Williams' argument was "based on a fundamental misunderstanding of parole." *Id.* at 4. "A person serving a sentence for a felony, who receives parole under Indiana Code [section] 35-50-6-1, is released on parole after service of his fixed term less credit time he has earned with respect to that term." *Id.* at 4–5. When an individual's parole is revoked, he may be forced to serve the remaining time that was previously suspended for good behavior. *Id.*

Mr. Williams next filed a petition to transfer to the Indiana Supreme Court. He raised an additional claim in his transfer petition under Art. 1, §10. Dkt. 17-9, p. 5. The Indiana Supreme Court denied transfer. Dkt. 17-10.

### B. Petition for a Writ of Habeas Corpus

Mr. Williams filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. His petition raises five claims for relief: (1) "Mr. Williams was denied due process of law under the 14th Amend. to the U.S. Const., when Mr. Williams was forced to be released on parole without his agreement to the parole release contract"; (2) "Mr. Williams was denied the 4th Amend. of the U.S. Const. when the Ind. Parole Board issued a parole violation warrant for Mr. Williams['] arrest, whereas Mr. Williams was not a parolee"; (3) "The employees of the Department of Corrections Ind. Parole Division [are] in violation of Art. 1, Sec. 10, of the U.S. Const., when that state created agency forced Mr. Williams to be released on parole without his mutual assent to the contract release that is required for the parole release contract to be enforceable, therefore impairing the obligation of that contract"; (4) "Mr. Williams was denied due process of law when the Ind. Parole Board revoked Mr. Williams' so-called parole and denying him of his good time credits and credit time, after which Mr. Williams earned those credits for satisfactory conduct in prison"; and (5) "Mr. Williams was denied due process of law under the 14th Amend. to the U.S. Const., when the Ind. Parole Board administered a sentence to Mr. Williams, without its regular course of administration." Dkt. 2, pp. 4–7.

In the return to the order to show cause, the respondent argues that Mr. Williams' petition includes a mix of exhausted and unexhausted claims. Specifically, the respondent argues that Mr. Williams' Fourth Amendment and Art. 1, § 10, claims were not presented to the Indiana Court of Appeals. Dkt. 17, pp. 7–12. The respondent urges the Court to dismiss the entire petition because federal district courts may not adjudicate mixed habeas petitions. *Id.* at 12–13. The respondent also argues that the remaining claims are without merit. *Id.* at 13-19.

Mr. Williams filed a reply to the return. Dkt. 20. In the reply, he argues the merits of his claims but does not meaningfully address the respondent's argument that the petition must be dismissed because it contains a mix of exhausted and unexhausted claims. *Id.*

## II.
## LEGAL STANDARD

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how federal courts must consider petitions for habeas relief under § 2254. A federal habeas court cannot grant relief to a state prisoner unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state prisoner must exhaust his available state court remedies before challenging his custody in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, a petitioner must present his claims "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).

Federal district courts may not adjudicate mixed habeas petitions—that is, petitions containing a mix of exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). When faced with a mixed petition, a district court must ordinarily dismiss the petition

without prejudice to allow the petitioner to return to state court and present the unexhausted claims. *Id.* Because the one-year period of limitations to bring a federal habeas petition will, in many cases, bar a petitioner from filing a second federal habeas petition after the first one has been dismissed, federal courts have limited discretion to stay and hold in abeyance the federal habeas proceeding while the petitioner returns to state court to exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). Federal district courts may issue a stay when (1) "the petitioner demonstrates good cause for failing to exhaust his or her claims first in state court," (2) the "unexhausted claims are [not] plainly meritless," and (3) the "petitioner has [not] engaged in abusive litigation tactics or intentional delay." *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines*, 544 U.S. at 277–78).

### III.
### DISCUSSION

Mr. Williams failed to present his Fourth Amendment or Art. 1, § 10, claims to the Indiana Court of Appeals. Under existing Supreme Court precedent, this Court may not adjudicate any part of his mixed petition. The question before the Court is whether this proceeding should be dismissed without prejudice or stayed and held in abeyance while Mr. Williams returns to state court to present these unexhausted claims.

Mr. Williams has not met the standard that would allow this Court to stay the instant proceeding. First, he has not established good cause for his failure to present his unexhausted claims to the Indiana Court of Appeals. Second, his unexhausted claims are plainly meritless. As a general rule, a habeas petitioner may not obtain relief for a violation of his Fourth Amendment rights. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Further, even if Mr. Williams had suffered a Fourth Amendment violation when he was arrested on a parole warrant, a conclusion that is not at all apparent, he suffered no prejudice from this supposed violation because his parole revocation

was not supported by evidence arising from this arrest—it was supported by his failure to report to parole upon his release from prison. *See* dkt. 17-8. Finally, the Supreme Court has not previously held that Art. 1, § 10, prevents the States from imposing mandatory parole conditions, and to rule otherwise would not violate clearly established federal law under 28 U.S.C. § 2254. Accordingly, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that Mr. Williams' mixed petition must be dismissed without prejudice. Accordingly, a certificate of appealability is **DENIED**.

Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date:   11/11/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

HUBERT D. WILLIAMS
Electronic Service Participant – Court Only

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov